E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07225-S5**
**8/7/2024 1:20 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**KESHIA THOMAS**

PLAINTIFF

EXHIBIT "A"

CIVIL ACTION NUMBER: 24-C-07225-S5

VS.

**CRETE CARRIER CORPORATION c/o National Registered Agents**

**289 S. Culver St**

**Lawrenceville, GA 30046**

DEFENDANT

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

MICHAEL A. JOHNSON - WITHERITE LAW GROUP - ATLANTA
600 PEACHTREE STREET, NE, SUITE 4010, ATLANTA, GA
470-826-5746

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of** 7th day of August, 2024**, 20____.**

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature]
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07225-S5**
**8/7/2024 1:20 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**KESHIA THOMAS**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-07225-S5

VS.

**CRETE CARRIER CORPORATION c/o The Corporations Company (FL)**
**410 Peachtree Parkway, Suite 4245**
**Cumming, GA 30041**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

MICHAEL A. JOHNSON - WITHERITE LAW GROUP - ATLANTA
600 PEACHTREE STREET, NE, SUITE 4010, ATLANTA, GA
470-826-5746

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of** 7th day of August, 2024, **20____.**

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature] **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07225-S5**
**8/7/2024 1:20 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**KESHIA THOMAS**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-07225-S5

VS.

**TIMOTHY MAULE**
**314 1/2 N. L Street**
**Oskaloosa, Iowa 52577**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

MICHAEL A. JOHNSON - WITHERITE LAW GROUP - ATLANTA
600 PEACHTREE STREET, NE, SUITE 4010, ATLANTA, GA
470-826-5746

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________________ day of** 7th day of August, 2024**, 20____.**

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature]
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07225-S5**
**8/7/2024 1:20 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**KESHIA THOMAS**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-07225-S5

VS.

**THE HARTFORD FIRE INSURANCE CO. c/o CT Corporation System**

**289 South Culver Street**

**Peachtree Corners, Lawrenceville, GA 30046**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

MICHAEL A. JOHNSON - WITHERITE LAW GROUP - ATLANTA
600 PEACHTREE STREET, NE, SUITE 4010, ATLANTA, GA
470-826-5746

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of** 7th day of August, 2024, **20____.**

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature]
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-07225-S5**
**8/7/2024 1:20 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KESHIA THOMAS;<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY MAULE;<br>CRETE CARRIER CORPORATION; and<br>HARTFORD FIRE INSURANCE COMPANY;<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 24-C-07225-S5<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

COMES NOW Keshia Thomas, ("Plaintiff"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1. This is an action for personal injury damages arising out of a motor vehicle collision that occurred on February 11, 2023, in Rockdale County, Georgia.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 12:04 pm on February 11, 2023, in Rockdale County, Georgia.

3. Plaintiff is a citizen of Gwinnett County, Georgia.

4. Defendant Timothy Maule ("Defendant") resides at 314 ½ North L Street, Oskaloosa, Mahaska County, Iowa 52577, and may be served with a copy of the Summons and Complaint at this address.

5. Once served with process, Defendant Maule is subject to the jurisdiction and venue of this Court.

6. Defendant Maule was properly served with process in this civil action.

7. Defendant Maule was sufficiently served with process in this civil action.

8. Defendant Maule is subject to the jurisdiction of this Court.

9. Defendant Crete Carrier Corporation ("Crete Carrier") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Crete Carrier has a U.S. Department of Transportation Number 73705.

10. Crete Carrier may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: National Registered Agents, Inc., 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046.

11. Crete Carrier may be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Georgia upon its registered agent: The Corporation Company (FL) 410 Peachtree Parkway Suite 4245, Cumming, Forsyth County, Georgia, 30041.

12. Once served with process, Crete Carrier is subject to the jurisdiction and venue of this Court.

13. Crete Carrier was properly served with process in this civil action.

14. Crete Carrier was sufficiently served with process in this civil action.

15. Crete Carrier is subject to the jurisdiction of this Court.

16. Defendant Hartford Fire Insurance Company is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

17. At the time of the Subject Complaint, Crete Carrier had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Maule was operating at the time of the subject collision.

18. The liability coverage for the collision described in this Complaint is being provided to Crete Carrier through a policy of insurance issued by Hartford Fire Insurance Company and further identified as Policy Number 37 EAS R20506, which provides coverage to Crete Carrier for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Maule was operating at the time of the subject collision.

19. Hartford Fire Insurance Company is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, because Hartford Fire Insurance Company was the insurer providing liability coverage for the defendant motor carrier Crete Carrier at the time of the collision described in this Complaint.

20. Hartford Fire Insurance Company may be served with the Summons and Complaint upon its registered agent: Linda Banks, c/o C T Corporation System, 289 South Culver Street, Peachtree Corners, Lawrenceville, Gwinnett County, Georgia 30046.

21. Once served with process as described in this paragraph, Hartford Fire Insurance Company is subject to the jurisdiction and venue of this Court.

22. Hartford Fire Insurance Company was properly served with process in this civil action.

23. Hartford Fire Insurance Company was sufficiently served with process in this civil action.

24. Hartford Fire Insurance Company is subject to the jurisdiction of this Court.

25. Hartford Fire Insurance Company may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

26. Venue in the above-styled civil action is proper in this County and Court.

## FACTS

27. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

28. On or about February 11, 2023, at approximately 12:04 pm, Plaintiff was operating a maroon 2020 Chevrolet Traverse stopped at a red light on north on Georgia Highway 138, in Rockdale County, Georgia.

29. On or about February 11, 2023, at approximately 12:04 pm, Defendant was operating a Red 2021 Freightliner Cascadia tractor-trailer heading south on Georgia Highway 138, in Rockdale County, Georgia.

30. On or about February 11, 2023, at approximately 12:04 pm, Michelle Pough was operating a silver 2010 Chevrolet Traverse was turning left onto South Georgia Highway 138 at the intersection of Dial Mill Road northeast.

31. On or about February 11, 2023, at approximately 12:04 pm, Defendant Maule ran the redlight at the intersection of Georgia Highway 138 and Dial Mill Road Northeast striking Michelle Pough's vehicle.

32. Suddenly and without warning to Plaintiff, Defendant Maule disregarded the red traffic light for southbound traffic and struck Michelle Pough's vehicle, causing Michelle Pough's vehicle to slam into the front of Plaintiff's vehicle, causing Plaintiff to suffer injuries.

33. At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

34. Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

35. Defendants are 100% at fault for causing the Subject Collision.

36. No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the Subject Collision.

37. No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

38. No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

39. No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

40. Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

41. As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST HARTFORD FIRE INSURANCE COMPANY

42. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

43. Hartford Fire Insurance Company provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

44. Hartford Fire Insurance Company agreed to provide insurance coverage to Crete Carrier in consideration for the payment of insurance premiums.

45. Hartford Fire Insurance Company was transacting business in the State of Georgia and in Rockdale County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

46. Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

47. Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Hartford Fire Insurance Company is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF CRETE CARRIER

48. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

49. At all times material hereto, Maule was an employee of Crete Carrier.

50. At all times material hereto, Maule was acting within the scope and course of his employment with Crete Carrier.

51. At all times material hereto, Maule was driving under dispatch by Crete Carrier and driving under Crete Carrier' authority as a federal motor carrier.

52. At all times material hereto, Maule was authorized by Crete Carrier to operate the tractor-trailer that was involved in the collision described in this Complaint.

53. Crete Carrier is liable for the negligent actions and omissions of Maule pursuant to the doctrine of respondeat superior.

54. Crete Carrier was the owner of the vehicle operated by Maule and is therefore liable for damages caused in this case.

55. Crete Carrier was also itself negligent in the following ways:

a. Negligently hiring or contracting with Defendant Maule to drive the vehicle at issue;

b. Negligently training Defendant Maule;

c. Negligently entrusting Defendant Maule to drive the vehicle professionally;

d. Negligently retaining Defendant Maule to drive the vehicle at issue;

e. Negligently qualifying Defendant Maule;

f. Failing to supervise Defendant Maule; and

g. Otherwise failing to act as a reasonably prudent company under the circumstances.

56. As a direct and proximate result of the negligence of Defendants Maule and Crete Carrier in the ensuing collision, Plaintiff sustained severe and permanent injuries.

57. Crete Carrier is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT III: NEGLIGENCE OF DEFENDANT TIMOTHY MAULE

58. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59. At all relevant times, Defendant owed the following civil duties to Plaintiff but violated those duties in the following ways:

a. Failing to stop at a red light at the intersection;

b. Failing to maintain proper control of his vehicle;

c. Failing to keep a proper lookout for traffic;

d. Failing to make reasonable and proper observations while driving;

e. Failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

f. Failing to keep an assured safe distance from Plaintiff's vehicle;

g. Failing to drive at a reasonable and prudent speed under the conditions;

h. Failing to obey traffic laws;

i. Operating a cellular mobile device while driving; and

j. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

60. Defendant was also negligent per se in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a. Failure to obey traffic control devices (O.C.G.A. § 40-6-20);

b. Failure to Yield (O.C.G.A. § 40-6-72);

c. Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

d. Failure to Drive at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

e. Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

f. Reckless Driving (O.C.G.A. § 40-6-390).

61. As a result of Defendant's negligence, Plaintiff suffered severe and permanent injuries.

62. As a direct and proximate result of the negligence and negligence per se of Defendants, Defendants are therefore liable to Plaintiff for Plaintiff's special damages, including but not limited to, medical expenses and lost wages, past, present, and future, in an amount to be determined by the evidence at the trial of this case but in an amount not less than $109,315.61. Said special damages continue to accrue. Plaintiff's special damages will be supplemented during the course of this action and will be in a final amount to be proven by the evidence at the trial of this case.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

63. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

64. Each of the Defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other Defendants' acts of negligence described herein, directly and proximately caused the collision and Plaintiffs' injuries.

65. As a direct and proximate result of the negligence of the Defendants, Plaintiff is physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

66. As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision,

including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT V: PUNITIVE DAMAGES

67. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68. Defendants' acts were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

69. Defendant Maule intentionally failed to stop at the redlight and accelerated through the redlight, demonstrating willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. O.C.G.A § 51-12-5.1(b).

70. Accordingly, Defendants are liable to the Plaintiffs for punitive damages to punish, penalize, and deter defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against each Defendant;

c. For judgment against Defendants to compensate Plaintiff for past and future injuries and damages;

d. For judgment against Defendants for attorneys' fees and expenses of litigation;

e. Court costs, discretionary costs, and prejudgment interest; and

f. For all such further and general relief which this Court deems just and proper.

Dated this 7th day of August, 2024.

WLG ATLANTA, LLC

*/s/ Michael Johnson*
MICHAEL A. JOHNSON
GEORGIA STATE BAR NUMBER: 679391
ROB LOAR
GEORGIA STATE BAR NUMBER: 602484
*ATTORNEY FOR PLAINTIFF*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-826-5746
FACSIMILE: 470-826-5746
E-MAIL Michael. Johnson@witheritelaw.com